IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No.: _____
Judge: _____

MICHAEL AMMANN,
Plaintiff,

v.

EXP WORLD HOLDINGS, INC.,
EXP REALTY, LLC,
GLENN SANFORD,
LEO PAREJA,
PATRICK O'NEILL, and
JAMES BRAMBLE,
Defendants.

FILED BY MC D.C.

DEC 20 2024

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

---

COMPLAINT FOR FRAUD, CONSPIRACY TO COMMIT FRAUD, FRAUDULENT OMISSION, TORTIOUS INTERFERENCE, AND DEMAND FOR JURY TRIAL

---

TABLE OF CONTENTS

1. Introduction
2. Parties
3. Jurisdiction and Venue
4. Factual Background
5. Legal Claims
   - Count I: Fraudulent Misrepresentation
   - Count II: Conspiracy to Commit Fraud
   - Count III: Fraudulent Omission
   - Count IV: Tortious Interference with Business Relationships
   - Count V: Equitable Relief and Public Disclosure
   - Count VI: Punitive Damages
6. Demand for Relief
7. Jury Demand

INTRODUCTION

1. Plaintiff Michael Ammann brings this action against eXp World Holdings, Inc., eXp Realty, LLC, and its executives for intentional fraud, conspiracy, and fraudulent omissions.
2. The Defendants knowingly misrepresented their commitment to ethical conduct and strict compliance policies while facilitating, protecting, and perpetuating agent misconduct.
3. As a result of Defendants' fraudulent and tortious acts, Plaintiff has suffered direct damages of over $700,000 and additional financial harm.

PARTIES

4. Plaintiff Michael Ammann is a resident of Miami, Florida.
5. Defendant eXp World Holdings, Inc. is a corporation incorporated under the laws of the State of Washington, with its principal place of business in Washington State.
6. Defendant eXp Realty, LLC, a wholly owned subsidiary of eXp World Holdings, is a Washington Corporation that conducts business nationwide, including in Florida.
7. Defendant Glenn Sanford is the CEO of eXp World Holdings.
8. Defendant Leo Pareja is CEO of eXp Realty.
9. Defendant Patrick O'Neill is COO of eXp Realty.
10. Defendant James Bramble serves as General Counsel for eXp World Holdings and eXp Realty.

JURISDICTION AND VENUE

11. This Court has jurisdiction under 28 U.S.C. § 1332 because the matter in controversy exceeds $75,000, and there is complete diversity of citizenship.
12. Venue is proper under 28 U.S.C. § 1391(b)(2) because Defendants conduct substantial business in this district.

FACTUAL BACKGROUND

A. EXP'S PUBLIC REPRESENTATIONS ABOUT ETHICAL POLICIES

13. eXp has publicly advertised its commitment to ethical conduct, stating:

- Agents may not act as contractors on properties they represent.
- Agents must comply with all fiduciary duties and avoid conflicts of interest.
- Violations of these policies result in disciplinary action.

14. These statements appear in:
a. eXp's Public Policies & Procedures;

    b. eXp's public marketing materials and Independent Contract Agreements;
    c. Statements made by executives.

## B. DEFENDANTS' KNOWLEDGE AND INTENT TO DEFRAUD

15. Despite these representations, Defendants knowingly allowed agent Megan Featherston to violate these policies by acting as both a contractor and agent on properties represented for Plaintiff. Defendant's public policy states: *"Agent shall not, directly or indirectly (such through a company an Agent owns or controls), perform or complete any repairs on a property for a client, that is or is intended to become the subject of a transaction in which the Agent is involved, regardless of whether the Agent is a licensed contractor."*
16. Plaintiff provided repeated warnings:

- May 31, 2024: Complaint to Managing Broker Sarah Ford.
- July 31, 2024: Escalation to Compliance Department.
- November 4, 2024: Written notice to Glenn Sanford, Leo Pareja, Patrick O'Neill, and James Bramble.

17. On November 18, 2024, Plaintiff sent a detailed Affidavit via certified mail outlining the violations. Defendants received the affidavit but failed to respond, constituting admission under Federal Rule of Evidence 801(d)(2).
18. Defendants acted in concert to suppress investigations, protect agents, and perpetuate their fraudulent misrepresentations.

## LEGAL CLAIMS

### COUNT I: FRAUDULENT MISREPRESENTATION

19. Defendants made material misrepresentations about policy enforcement and ethical compliance.
20. Defendants knew these statements were false.
21. Plaintiff justifiably relied on these representations, resulting in over $700,000 in damages.

### COUNT II: CONSPIRACY TO COMMIT FRAUD

22. Defendants entered into an agreement to perpetuate fraud by suppressing investigations and failing to enforce compliance.
23. Defendants' conspiracy caused Plaintiff substantial harm.

### COUNT III: FRAUDULENT OMISSION

24. Defendants had a duty to disclose agent misconduct.
25. Defendants' failure to disclose these material facts misled Plaintiff and caused financial harm.

## COUNT IV: TORTIOUS INTERFERENCE WITH BUSINESS RELATIONSHIPS

26. Defendants allowed agent Megan Featherston to interfere with Plaintiff's business opportunities, causing over $700,000 in direct damages.

## COUNT V: EQUITABLE RELIEF AND PUBLIC DISCLOSURE

27. Plaintiff seeks injunctive relief requiring Defendants to:
    a. Publicly acknowledge violations;
    b. Implement independent compliance audits for two years.

## COUNT VI: PUNITIVE DAMAGES

28. Defendants' conduct was intentional, willful, and malicious, justifying an award of punitive damages.

## DEMAND FOR RELIEF

Plaintiff respectfully requests the Court to:

1. Award compensatory damages of at least $700,000.
2. Order public acknowledgment of policy violations.
3. Implement third-party compliance oversight for two years.
4. Recognize Plaintiff's Affidavit as admitted evidence.
5. Treble Damages: An award of treble damages (three times the amount of Plaintiff's actual financial losses) as permitted under 18 U.S.C. § 1964(c), to reflect the severity of Defendants' fraudulent conduct and compensate Plaintiff for lost business and damaged reputation.
6. Punitive Damages: An award of punitive damages against Defendants, to penalize their reckless disregard for lawful business practices and deter similar future misconduct.
7. Appointment of a Compliance Monitor: Appointment of an independent compliance monitor to oversee eXp's business practices and ensure adherence to lawful conduct, including a review of all internal policies related to agent conduct and ethical standards.

8. Injunctive Relief: A permanent injunction preventing Defendants from engaging in further fraudulent misrepresentations and requiring eXp to establish strict internal controls to prevent future harm to Plaintiff and other business owners.
9. Attorneys' Fees and Costs: Full reimbursement of attorneys' fees and costs incurred by Plaintiff in bringing this action.
10. Disgorgement of Profits: An order requiring Defendants to disgorge all profits obtained through their fraudulent actions, with funds distributed to affected parties, including Plaintiff.
11. Mandatory Policy Enforcement: Require eXp to strictly enforce its policies regarding agent conduct, including prohibitions on conflicts of interest and breaches of fiduciary duty.
12. Agent Training and Certification: Mandate that all eXp agents undergo training and certification in ethical standards, conflict of interest policies, and fiduciary responsibilities.
13. Consumer Notice of Ethical Reforms: Mandate a public statement from eXp clarifying the specific steps it has taken to enforce ethical standards and protect consumers.
14. Specific Performance Order: A binding court order mandating eXp's compliance with the terms of specific performance listed above.
15. Contempt of Court Penalties: Authorization of contempt penalties for any failure by eXp to comply with the specific performance order, including potential daily fines for continued non-compliance.
16. Award costs and any other additional Relief as Deemed Just and Proper: Any further relief deemed necessary and appropriate by the Court to fully address the harm caused by Defendants' unlawful activities.

## JURY DEMAND

Plaintiff demands a jury trial on all issues so triable.

DATED: 12/16/24

Respectfully submitted,

Michael Ammann
Pro Se Plaintiff
1100 Brickell Bay Dr
APT 74M
Miami, FL 33131
Phone: (845) 721-1512
Email: Michael.p.ammann@gmail.com

**PRIORITY MAIL**
ONE RATE ■ ANY WEIGHT

**FLAT RATE ENVELOPE**
APPLY PRIORITY MAIL POSTAGE HERE

Retail



U.S. POSTAGE PAID
PM
MIAMI, FL 33131
DEC 17, 2024

33128

$10.45

RDC 03      0 Lb 2.30 Oz      S2324N504238-05

Michael Ammann
1100 Brickell Bay Dr Apt 74M
Miami, FL 33131

Clerk of Court
United States District Court
Southern District of Florida
Wilkie D. Ferguson, Jr. US Courthouse
400 North Miami Avenue, Room 8N09
Miami, FL 33128

EXPECTED DELIVERY DAY: 12/19/24
USPS TRACKING® #
9505 5144 0251 4352 8163 29

For international shipments, the maximum weight is 4 lbs.            EP14H August 2020 Outer Dimension: 10 x 5



**PRIORITY® MAIL**

PRESS FIRMLY TO SEAL



PRESS FIRMLY TO SEAL

REC'D BY _____ D.C.

DEC 20 2024

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

To schedule free Package Pickup,
scan the QR code.



USPS.COM/PICKUP

- Expected delivery date specified for domestic use.
- Most domestic shipments include up to $50 of insurance (restrictions apply).*
- USPS Tracking® included for domestic and many international destinations.
- Limited international insurance.**
- When used internationally, a customs declaration form is required.

*Insurance does not cover certain items. For details regarding claims exclusions see the Domestic Mail Manual at http://pe.usps.com.
** See International Mail Manual at http://pe.usps.com for availability and limitations of coverage.

EP14H August 2020
OD: 10 x 5



PS00001000064

**TRACKED ■ INSURED**

**VISIT US AT USPS.COM®**
ORDER FREE SUPPLIES ONLINE